# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | |
| v. ) | No. 4:10-CR-00236-DGK |
| CHRIS C. BAUSBY, ) | |
| Defendant. ) | |

## ORDER DENYING MOTION TO WITHDRAW GUILTY PLEA

This case arises from allegations that on June 22, 2010, Defendant Chris Bausby, a felon, was in possession of a Sears and Roebuck 12 gauge shotgun with no serial number and ammunition. On November 17, 2011, Mr. Bausby entered a plea of guilty pursuant to an agreement with the Government. His sentencing is currently set for July 3, 2012.

Now before the Court is Defendant's uncaptioned *pro se* motion (Doc. 68). The Court construes this motion as a motion to withdraw guilty plea pursuant to Rule 11(d)(2)(B), which allows a defendant to withdraw a guilty plea before sentencing if the defendant can show a fair and just reason for requesting the withdrawal. In the motion, Defendant claims he thought that the November 17th hearing was going to be a pre-trial hearing, but it "turned out" to be a plea hearing. He claims that the Court should have noticed his attorney was not doing a good job, that he was being bullied into pleading guilty, and that he actually wanted to go to trial.

These claims are not credible. After carefully reviewing the transcript from the November 17th hearing, the Court finds Mr. Bausby understood the purpose of this hearing was to plead guilty pursuant to an agreement, and that he made knowing, intelligent, and voluntary decision to do so.

First, Defendant understood that the purpose of the hearing was to allow him to enter a guilty plea, and that it was his own decision to do so. The hearing transcript states in relevant part as follows:

> THE COURT: Okay. Very good. And you've made a decision to plead guilty here today; is that right, sir?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Now, while you have relied on the expertise and the legal advice of Mr. McCauley and his work, this decision is your decision and your decision alone; is that true?
>
> THE DEFENDANT: Yes.
>
> THE COURT: No one else can -- he can give you advice but he can't make this decision for you. So no one else has influenced you other than given you legal advice to make this decision; is that true?
>
> THE DEFENDANT: Yes.

Tr. at 17-18.

Mr. Bausby also stated under oath that he had no complaints about his attorney's performance.

> THE COURT: Okay. Let's talk about Mr. McCauley. I know you're impressed with his work. I'll tell you he enjoys a good reputation with this Court. So is it your opinion that -- that -- are you satisfied with his representation, Mr. Bausby?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Do you have any complaints about anything he did or did not do on your behalf?
>
> THE DEFENDANT: No.
>
> THE COURT: Because now's the time. If you've got anything, we need to hear about it right now. I don't want to

> hear about it later because it won't really be very helpful to you.
>
> THE DEFENDANT: Right. I understand.
>
> THE COURT: Okay. All right. Did he spend sufficient time with you to talk to you about your case, your options, your plea, your defenses?
>
> THE DEFENDANT: Yes.

Tr. at 16-17.

The record also shows that far from being coerced into pleading guilty, the Defendant negotiated a written agreement to plead guilty.

> THE COURT: Okay. Okay. You-all -- you and the government have made an agreement, I understand; is that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And that while you just signed it today, You've known about this agreement and you've kind of -- you and Mr. McCauley and Mr. Becker hammered out these details; is that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Does this agreement represent all -- everything that's gone on between you and the government?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Any other agreements out there, promises to cause you to enter a plea of guilty?
>
> THE DEFENDANT: Any what?
>
> THE COURT: Anything else that's out there that's caused you to enter a plea of guilty, other than this agreement?
>
> THE DEFENDANT: No. Nothing else.

The record also shows that Mr. Bausby made a deliberate decision to plead guilty after having ample time to reflect on his decision:

> THE COURT: And this idea of pleading guilty was a decision made before -- well before you got here today; is that right?
>
> THE DEFENDANT: Yes.
>
> THE COURT: You just didn't think this up the last ten minutes or on your way to the courthouse, you and Mr. McCauley have been discussing this, have been negotiating with the government, and this is a deliberate decision that you've had plenty of time to reflect upon and to come to terms with; is that true?
>
> THE DEFENDANT: Yes.

Tr. at 19.

Finally, the record is clear that Defendant understood that by pleading guilty he was giving up his right to a trial in this case.

> THE COURT: Okay. So among -- the other rights you waive and everybody waives when they plead guilty is the right to trial. We're not going to have a trial because in Mr. Bausby's case because he's pleading guilty; correct?
>
> THE DEFENDANT: Yes.
>
> THE COURT: And you understand that if you had a trial, you would have the right to be represented at every stage of that trial by an attorney, you would have a right to require the government to prove their case beyond a reasonable doubt. You would have the right to enjoy the presumption of innocence. You would have a right to confront and cross examine all the government's witnesses. You would have a right to -- to present your own case, persist in your plea of not guilty, testify if you want to, call your witnesses, have the Court -- use the Court's power to get your witnesses here through our -- the power of the compulsory process. You would have the right against self-incrimination, which means you wouldn't have to testify in your own behalf and no one can make a negative inference if you chose not to

> testify. But by pleading guilty you're waiving each and every
> one of these very important rights. Do you wish to waive
> those rights here today?
>
> THE DEFENDANT: Yes.

Tr. at 30.

In light of the above, the Court finds no fair or just reason to allow Mr. Bausby to withdraw his guilty plea. The motion is DENIED.

**IT IS SO ORDERED.**

Date:  June 6, 2012                                 /s/ Greg Kays
                                                    GREG KAYS, JUDGE
                                                    UNITED STATES DISTRICT COURT